UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAHUL CHATURVEDI | ) | |
| and | ) | CHAPTER 7 |
| NEENA CHATURVEDI, | ) | CASE NO. 07-16483-WCH |
| Debtors | ) | |
| _____ | ) | |
| STEPHEN E. SHAMBAN, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| Plaintiff | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | CASE NO. |
| | ) | |
| RAHUL CHATURVEDI and | ) | |
| NEENA CHATURVEDI, | ) | |
| Defendants | ) | |
| _____ | ) | |

COMPLAINT OBJECTING TO DISCHARGE

I.  INTRODUCTION

In this adversary complaint, the Chapter 7 Trustee objects to the discharge of the Debtors,

Rahul Chaturvedi and Neena Chaturvedi, in the Chapter 7 bankruptcy case under 11 U.S.C. §

727(a) where the Debtors, inter alia, failed to keep and preserve recorded information and

documents to ascertain their financial condition and business transactions, failed to account for

the dissipation of assets and incurred unsecured debt totaling $13,188,067.17, fraudulently

transferred assets and converted property of the NuSpeech Communications Corporation

bankruptcy estate.

II.  PARTIES

1.     The Plaintiff, Stephen E. Shamban, is the duly appointed Chapter 7 Trustee in Rahul

Chaturvedi and Neena Chaturvedi's bankruptcy case ("the Plaintiff") with a usual place of business at 222 Forbes Road, Suite 208, Braintree, Massachusetts, 02185-0973.

2.      The Defendant, Rahul Chaturvedi (Rahul or Defendant), is an individual who is last known to reside at 89 Old Hyannis Road, Barnstable, Massachusetts 02673.

3.      The Defendant, Neena Chaturvedi (Neena or Defendant), is an individual who is last known to reside at 89 Old Hyannis Road, Barnstable, Massachusetts 02673.

### III.  JURISDICTION

4.      This is an adversary proceeding in which the Chapter 7 Trustee is seeking denial of discharge pursuant to 11 U.S.C. § 727(a)(2),(3),(4),(5),(6) and (7).  The Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 157(b)(2)(A) and (J), this is a "core" proceeding.  Venue is proper in this Court under 28 U.S.C. § 1409(a).

### IV. FACTS
### (Common to and In Support of All Counts)

5.      Rahul graduated from the Maulana Azad Medical College at Delhi University in 1989.

6.      Rahul was licensed to practice medicine in Massachusetts in June 24, 1992 and his practice specialty was internal medicine.

7.      Neena was licensed to practice medicine in Massachusetts and her practice specialty was internal medicine.

8.      Rahul and Neena practiced at Physician Medical Center, now known as Total Care
Network (TCN), a private practice founded by them in Hyannis, MA.

9.      In Disciplinary Proceedings before the Board of Registration in Medicine, Neena entered
into a Voluntary Agreement Not to Practice on September 27, 2006.

10.     On October 17, 2007, the Board of Registration in Medicine suspended Rahul from the
practice of medicine.

11.     Among numerous allegations, the Board alleges that Rahul failed to properly create and
keep patient medical records, falsified applications to the Board for license renewal, and engaged
in unethical business practices.

12.     Rahul claims to be presently self-employed and acts as a consultant.

13.     Rahul describes himself as an information technology entrepreneur.

14.     Neena is not presently employed.

15.     Between 1995 and 2007, Rahul and Neena incorporated no less than two dozen entities in
several jurisdictions, including Massachusetts, Delaware, Virginia and India, in which they
retained ownership interests and/or beneficial interests.

16.    Between 2004 and 2007, Rahul and Neena caused the entities and intellectual property associated therewith to undergo a series of confusing transfers and name changes.

17.    Rahul and Neena are officers and directors of record for the various entities and Rahul and/or Neena controlled the entities which include Health Care Alliance of America (merged into NuSpeech Communications Corporation 07/13/1999); HCAA-Care, P.C. a.k.a. HCAA-Care, Inc., Healthiva, Inc. (merged into NuSpeech Communications Corporation 07/13/1999); I2Script.com, Inc. (involuntary dissolved by court order or by the Secretary of Commonwealth (SOC) 05/31/2007); NuSpeech Communications Corporation (involuntarily dissolved by court order or by the SOC 05/31/2007); Rasee USA, Inc. (merged into HCAA-Care, P.C. on 12/30/1998; Websoft Corporation (merged into NuSpeech Communications 07/13/1999); 100 Independence Drive Realty, LLC; Centers of Spiritual Healing and Consciousness, Inc.; Gayatripeeth Foundation, Inc.; Hyannis Urgent Care, Inc.; Nirvana Foods, Inc.; Nirvana Health, Inc.; Physician Medical Centers, Inc. f/k/a Health Care Network Foundation, Inc.; PMC Diagnostics, Inc. (involuntarily dissolved by court order or by the SOC 05/31/2007); Smart Source Systems, Inc.; Total Care Network Corporation; Total Care Network Infrastructures, Inc.; NuSpeech Realty Corporation; Ofaseri, Inc.; I Strategy Capital Partners, Inc.; 100 Independence Realty, LLC (Delaware); Total Care Network, LLC.

18.    Rahul and Neena did not file annual reports for the corporate entities nor did they apply for federal exemptions for the alleged non-profit entities.

19.    Rahul and Neena caused the entities to open multiple bank accounts at multiple banks and

were signatories on the accounts or had access by way of a bank card, debit card or similar card.

20.    Between 2004 and 2007, and other relevant times, Rahul and Neena attempted to and obtained money by way of their various entities from professionals and investors without a reasonable prospect of developing an income producing concept or saleable product.

21.    Rahul and Neena used the business entities' funds for personal expenditures by way of debit card, cash withdrawals and checks.

22.    Between 2005 and 2007, the Defendants caused money to be transferred via check and wire to so-called NuSpeech India from one Rockland Trust account in the cumulative amount of $111,000.00.

23.    Rahul and Neena have failed to file tax returns for certain corporate entities.

24.    On August 31, 2007, Rahul caused 100 Independence Realty, LLC to file a voluntary petition for bankruptcy under Chapter 11.

25.    On August 31, 2007, Neena caused HCAA-Care, P.C. to file a voluntary petition for bankruptcy under Chapter 11.

26.    On August 31, 2007, Rahul caused NuSpeech Realty Corp. to file a voluntary petition for bankruptcy under Chapter 7.

27.    On August 31, 2007, Rahul caused NuSpeech Communications Corporation to file a

voluntary petition for bankruptcy under Chapter 11.


28.    On September 17, 2007, the Court dismissed the HCAA-Care, P.C. bankruptcy case for

failure to file the filing fee as ordered.


29.    On October 10, 2007, the Court dismissed the 100 Independence Realty, LLC bankruptcy

case for failure to comply with the Order to Show Cause and Order to Update.


30.    On October 10, 2007, the Court dismissed the NuSpeech Realty Corp. bankruptcy case for

failure to comply with the Order to Show Cause and Order to Update.


31.    On October 10, 2007, the Court dismissed the NuSpeech Communications Corporation

bankruptcy case for failure to comply with the Order to Show Cause and Order to Update.


32.    The Defendants filed their Joint Chapter 11 Petition for Bankruptcy on October 11, 2007

pro se.


33.    At the time, Rahul and Neena did not file personal tax returns for 2003, 2004, 2005 and

2006 that were due before the date of the filing of their bankruptcy petition.


34.    On October 25, 2008, Rahul and Neena's Chapter 11 case was converted to a Chapter 7

case following the United States Trustee's Motion to Convert.

35.    Rahul and Neena's Schedule F lists $13,188,067.17 in unsecured non-priority claims.

36.    On October 25, 2007, Rahul caused NuSpeech Communications Corporation (hereinafter "NuSpeech") to file its Chapter 7 Bankruptcy Petition and signed the Petition as President of NuSpeech.  The bankruptcy case is identified as Chapter 7 Case No. 07-16818-WCH and the Plaintiff is the duly appointed Chapter 7 Trustee of NuSpeech.

37.    Nuspeech Schedule F lists $3,941,458.15 in unsecured non-priority claims.

38.    The Court conducted an evidentiary hearing on March 12, 2008 on Rahul and Neena's motion to convert case from chapter 7 to chapter 11.

39.    The Defendant Rahul Chaturvedi testified at that hearing that a new entity formed by his mother, Total Care Network PVT Limited ("TCNPL"), was attempting to sell software as a service in India.

40.    Rahul Chaturvedi testified that this new venture would allow him to earn income to assist in funding a prospective plan for the Defendants.

41.    Rahul Chaturvedi testified that he owned 2% of TCNPL which he acquired after the Petition Date.

42.     Rahul Chaturvedi testified that the software being sold by TCNPL was "developed under TCN Systems by me and some other subcontractors in India." This testimony was false.

43.     Defendant Rahul Chaturvedi testified at the March 12, 2008 hearing that the owner of the software being marketed by TCNPL was TCN Systems, Inc. ("TCNS"). This testimony was false.

44.     The software and intellectual property being marketed by TCNPL included PowerSpace software and developed objects of code constituting the intellectual property belonging to the estate of NuSpeech.

45.     TCNS is a Massachusetts corporation formed on June 11, 2007, approximately four months prior to the Defendants' and NuSpeech's voluntary petitions. Eva Purkarova, the President and sole shareholder of TCNS, was an employee and/or performed work for some of the Defendants' corporate entities at the time TCNS was formed.

46.     Upon information and belief and subject to further discovery, the Defendants and Eva Purkarova, with the intent to hinder, delay and defraud the creditors of NuSpeech, transferred the intellectual property of NuSpeech to newly formed entity TCNS for less than equivalent value at a time when NuSpeech was insolvent.

47.     Ms. Purkarova paid no money to capitalize TCNS.

48.    The only assets of TCNS, as of March 12, 2008, were PowerSpace software and developed

objects of code constituting the intellectual property transferred to it by the Defendants from

NuSpeech.

49.    TCNS operated from the same location as the other business entities of the Defendants.

50.    NuSpeech was insolvent at the time it transferred its software and other intellectual

property to TCNS.

51.    Ms. Purkarova, at the time of the transfer and since, has resided in the same residence with

the Defendants.

52.    Ms. Purkarova, prior to the Petition Date, assisted the Defendants in the movement of

money between their personal and corporate entity bank accounts.

53.    Ms. Purkarova facilitated the movement of money via wire transfers between NuSpeech

and entities controlled by the parents of Rahul Chaturvedi in India.

54.    On June 11, 2007, the day TCNS was formed, it entered into a "NuSpeech OEM Royalty

Agreement" ("June 2007 OEM") with NuSpeech. TCNS paid no consideration for this

agreement.

55.    The June 2007 OEM was allegedly terminated by the parties on May 16, 2008.


56.    The June 2007 OEM provided for a consulting agreement for Rahul Chaturvedi.


57.    Upon information and belief and subject to further discovery, the June 2007 OEM

agreement was an attempt by the Defendants to conceal property of NuSpeech from its creditors

and to provide a source of income for the Defendants and to allow Ms. Purkarova to receive

payment on pre-petition debts owed to her by the Defendants and their corporate entities.


58.    Defendants have failed to disclose personal and NuSpeech interests in intellectual property,

and any transfers of such property, in both their personal bankruptcy filings and in the NuSpeech

bankruptcy filings.


59.    The Defendants in their original and amended Schedule B indicated "none" in response to

question #22 which required the Defendants to list "patents, copyrights and other intellectual

property. Give particulars."


60.    Schedule B filed in the NuSpeech case, signed under the pains and penalties of perjury by

Rahul Chaturvedi, indicated "none" in response to question #22 which required the Defendants

to list "patents, copyrights and other intellectual property. Give particulars."


61.    NuSpeech was the owner as of the NuSpeech Petition Date of software and of the

trademark known as PowerSpace™.

62.    NuSpeech was the owner as of the NuSpeech Petition Date of software and of the

trademark for PowerSpace Enterprise™.

63.    NuSpeech was the owner as of the NuSpeech Petition Date of software and of the

trademark for PowerSpace DICOM™.

64.    NuSpeech was the owner as of the NuSpeech Petition Date of the software and of the trade

mark PowerSpace DTCI™.

65.    Defendant Rahul Chaturvedi was the owner as of the Petition Date of a trademark and

Activity Based Computing Protocol™.

66.    Defendant Rahul Chaturvedi was the owner as of the Petition date of a trademark for

ABCP™.

FACTS

(Additional Facts Supporting Failure to Keep Records From Which The Debtors' Financial
Condition or Business Transactions Might Be Ascertained – 11 U.S.C. § 727(a)(3))

67.    On November 25, 2008, the Chapter 7 Trustee conducted the examinations of Rahul

Chaturvedi and Neena Chaturvedi pursuant to Federal Rule of Bankruptcy 2004.

68.    The Defendants are the creators of certain documents, business records and spreadsheets

they produced to the U.S. Trustee and the Chapter 7 Trustee.

69.    In his examination, Rahul was questioned as to certain entries in excel spreadsheets created

produced by them which represented consolidated accountings for various bank accounts.


70.    Said spreadsheets had no beginning balance, were not reconciled and showed multiple

large transfers among and between several bank accounts and large cash withdrawals without

reference or note to use of, or purpose for, the transfer or withdrawal.


71.    When questioned as to the nature of certain transfers and withdrawals, and including the

identity of an account entitled "NuSpeech Credit Card" from which large amounts of money

were transferred and received, Rahul could not provide information.


FACTS
(Supporting Failure to Explain Loss of Assets – 11 U.S.C. § 727(a)(5))

72.    The Defendants prepared a personal financial statement on or about June 30, 2006.


73.    The June 30, 2006 personal financial statement was prepared in connection with the

refinancing of real estate at 100 Independence Drive, Hyannis MA.  Personal Financial

Statement dated June 30, 2006 produced by the Defendants is attached hereto as Exhibit 1.


74.    The June 30, 2006 personal financial statement lists household artifacts, jewelry and a coin

collection at a cost value of $117,000.00.


75.    Sixteen months after preparing the personal financial statement the Defendants, in their

Schedule B, listed all of their personal property as having a value of $6,364.38.

76.   The Defendants did not list a coin collection on Schedule B.

77.   Sixteen months after preparing the personal financial statement, the Defendants in their

Statement of Financial Affairs at questions 10, did not indicate the transfer of any of the property

listed in the June 30, 2006 personal financial statement.

78.   The Defendants have failed to provide a reasonable explanation for the loss of the assets

listed in the June 30, 2006 personal financial statement.

FACTS
(Supporting Violation of Court Order – 11 U.S.C. § 727(a)(6)(A))

79.   In paragraph 16 of the corporation's Schedule B identified 50% of all accounts receivables

collected by HCAA-Care, Inc. for services provided by HCAA-Care, Inc. prior to October 17,

2007 as property of NuSpeech with a value of $25,000.00.

80.   On October 11, 2007, Rahul Chaturvedi and Neena Chaturvedi filed their Chapter 7

Bankruptcy Petition and on their Schedule B, identified an ownership interest in HCAA-Care,

P.C.

81.   Massachusetts Secretary of State records indicate that Neena Chaturvedi is the sole officer

for HCAA-Care, P.C. and HCAA-Care, P.C. is the new name of HCAA-Care, Inc. (hereinafter

"HCAA").

82.    HCAA was a corporation under which Rahul Chaturvedi and Neena Chaturvedi conducted their medical practice.

83.    The Defendants collected on accounts receivables for HCAA.

84.    The money collected on the HCAA accounts were deposited and used for the Defendants' personal expenditures.

85.    The Defendants did not turnover the money collected on the accounts receivables for HCAA to the Chapter 7 Trustee for NuSpeech because of an offset owed.

86.    On October 31, 2008, the Trustee for NuSpeech sent a demand letter to Rahul Chaturvedi for turnover of:  (1) money to the NuSpeech bankruptcy estate, (2) production of a full accounting for the accounts receivables of HCAA collected and (3) production of copies of the underlying billing records.  Demand Letter dated October 31, 2008 is attached hereto as <u>Exhibit 2</u>.

87.    Rahul Chaturvedi has refused to comply with the demand for turnover.

88.    On October 31, 2008, the Trustee for NuSpeech sent a demand letter to Neena Chaturvedi for turnover of:  (1) money to the NuSpeech bankruptcy estate, (2) production of a full accounting for the accounts receivables of HCAA collected and (3) production of copies of the

underlying billing records.  Demand Letter dated October 31, 2008 is attached hereto as <u>Exhibit</u>
<u>3</u>.

89.   Neena Chaturvedi refused or failed to comply with the demand for turnover.

90.    Pursuant to 11 U.S.C. § 541, 50% of the monies collected on HCAA's accounts
receivables are property of the NuSpeech bankruptcy estate and subject to turnover to the Trustee
for NuSpeech pursuant to 11 U.S.C. § 542.

91.   On December 7, 2008, the Trustee filed his Motion for Turnover for the HCAA accounts
receivables records and the monies owed to NuSpeech.

92.   On January 8, 2009, the Court in the NuSpeech Communications Corporation bankruptcy
case granted the Motion for Turnover.

93.   On January 8, 2009, the Trustee sent a second demand to Rahul with enclosure of the
Court's Order by first class mail and electronic transmission demanding turnover of the HCAA
accounts receivable records and monies owed to NuSpeech.  Demand Letter dated January 8,
2009 is attached hereto as <u>Exhibit 4</u>.

94.    On January 8, 2009, the Trustee sent a second demand to Neena with enclosure of the
Court's Order by first class mail demanding turnover of the HCAA accounts receivable records
and monies owed to NuSpeech within seven (7) days of the date of the letter, or no later than

January 16, 2009.  Demand Letter dated January 8, 2009 is attached hereto as <u>Exhibit 5</u>.

95.    Rahul failed or refused to comply with the Trustee's demand pursuant to the Court's Order.

96.    Neena failed or refused to comply with the Trustee's demand pursuant to the Court's Order.

<u>COUNT I</u>
(Violation of 11 U.S.C. § 727(a)(2)(A) and (a)(7))

97.    The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

98.    The Defendants, with the intent to hinder, delay or defraud his creditors and the creditors of NuSpeech, concealed, transferred or removed property of the NuSpeech estate, within one year before the filing date of the petition in the NuSpeech case by transferring, removing or concealing intellectual property to TCNS.
.

99.    The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A) and (a)(7).

100.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A) and (a)(7).

<u>COUNT II</u>
(Violation of 11 U.S.C. § 727(a)(2)(B) and (a)(7))

101.  The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

102.  The Defendants, with the intent to hinder, delay or defraud their creditors, concealed property of the estate, after the Petition Date.  Specifically, insofar as they failed to disclose that Rahul Chaturvedi was the owner as of the Petition Date of a trademark for Activity Based Computing Protocol™.

103.  Defendant Rahul Chaturvedi was the owner as of the Petition Date of a trademark for Activity Based Computing Protocol™.

104.  The Defendants, with the intent to hinder, delay or defraud their creditors, concealed property of the estate, after the Petition Date. Specifically, insofar as they failed to disclose that Rahul Chaturvedi was the owner as of the Petition Date of a trademark and patent for ABCP™.

105.  Defendant Rahul Chaturvedi was the owner as of the Petition Date of a trademark for ABCP™.

106.  The Defendant Rahul Chaturvedi, with the intent to hinder, delay or defraud his creditors and the creditors of NuSpeech, concealed property of the estate in the related case of NuSpeech, after the NuSpeech Petition Date.  Specifically, the Defendant did not disclose in response to Schedule B in the NuSpeech case that NuSpeech owned PowerSpace software, trademarks and developed objects of code constituting intellectual property.

107.  The Defendants with the intent to hinder, delay or defraud their creditors and the creditors of NuSpeech, concealed property of the estate of NuSpeech in the NuSpeech case, after the NuSpeech Petition Date.  Specifically, the Defendant Rahul Chaturvedi did not disclose in response to Schedule B that NuSpeech was the owner as of the NuSpeech Petition Date of software and of the trademark known as PowerSpace™.

108.  The Defendant Rahul Chaturvedi, with the intent to hinder, delay or defraud his creditors and the creditors of NuSpeech, concealed property of the estate of NuSpeech, in the NuSpeech case, after the Petition Date.  Specifically, the Defendant did not disclose in response to Schedule B that NuSpeech was the owner as of the NuSpeech Petition Date of software and of the trademark for PowerSpace Enterprise™.

109.  The Defendant Rahul Chaturvedi, with the intent to hinder, delay or defraud his creditors and the creditors of NuSpeech, concealed property of the estate of NuSpeech, in the NuSpeech case, after the NuSpeech Petition Date.  Specifically, the Defendant did not disclose in response to Schedule B that NuSpeech was the owner as of the NuSpeech Petition Date of software and of the trademark for PowerSpace DICOM™.

110.  The Defendants with the intent to hinder, delay or defraud their creditors and the creditors of NuSpeech, concealed property of the estate of NuSpeech, in the NuSpeech case, after the Petition Date.  Specifically, the Defendant Rahul Chaturvedi did not disclose in response to Schedule B that NuSpeech was the owner as of the NuSpeech Petition date of the software and

of the trademark PowerSpace DTCI™.

111.  The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C.

§727(a)(2)(B) and (a)(7).

112.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C.

§727(a)(2)(B) and (a)(7).

COUNT III
(Violation of 11 U.S.C. § 727(a)(3) and (a)(7))

113.  The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs

of this Complaint as if fully set forth herein.

114.  Defendant Rahul Chaturvedi is a creator and keeper of certain personal financial records

and business records.

115.  Defendant Neena Chaturvedi was and is actively involved in her and her husband's

businesses and transactions and is a creator and keeper of certain personal financial records and

business records.

116.  Rahul Chaturvedi fails to offer a plausible explanation for his failure to keep and maintain

documents as to certain business entities and accounts.

117.  Neena Chaturvedi fails to offer a plausible explanation for her failure to keep and maintain

documents as to certain business entities and accounts.

118.  Defendant Rahul Chaturvedi and Neena Chaturvedi have concealed, destroyed, mutilated,

falsified, or failed to keep or preserve any recorded information, including books, documents,

records, and papers, from which the Defendants' financial condition or business transactions

might be ascertained.

119.  The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C.

§727(a)(3)and (a)(7).

120.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C.

§727(a)(3) and (a)(7).

## COUNT IV
(Violation of 11 U.S.C. § 727(a)(4)(A) and (a)(7))

121.  The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs

of this Complaint as if fully set forth herein.

122.  The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with the

bankruptcy case of NuSpeech, made a false oath on Schedule B when he indicated "none" in

response to question #22 which required the Defendant to list "patents, copyrights and other

intellectual property. Give particulars."

123.  The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with the

bankruptcy case of NuSpeech, made a false oath on Schedule B when he failed to list NuSpeech

as the owner as of the NuSpeech Petition Date of software and of the trade mark known as

PowerSpace™.

124.   The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with the

bankruptcy case of NuSpeech, made a false oath on Schedule B when he failed to list NuSpeech

was the owner as of the NuSpeech Petition Date of software and of the trademark for

PowerSpace Enterprise™.

125.   The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with the

bankruptcy case of NuSpeech, made a false oath on Schedule B when he failed to list NuSpeech

was the owner as of the NuSpeech Petition Date of software and of the trademark for

PowerSpace DICOM™.

126.   The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with the

bankruptcy case of NuSpeech, made a false oath on Schedule B when he failed to list NuSpeech

was the owner as of the NuSpeech Petition Date of the software and of the trademark

PowerSpace DTCIT™.

127.   The Defendants knowingly and fraudulently, in or in connection with their bankruptcy

case, made a false oath on their Schedule B insofar as they failed to disclose that Rahul

Chaturvedi was the owner as of the Petition Date of a trademark for Activity Based Computing

Protocol™.

128.   The Defendants knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath on their Schedule B insofar as they failed to disclose that Rahul Chaturvedi was the owner as of the Petition Date of a trademark for ABCP™.

129.   The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with his bankruptcy case, made a false oath at the March 12, 2008, hearing by testifying that the software being marketed by TCNPL was "developed under TCN Systems by me and some other subcontractors in India."

130.   The Defendant Rahul Chaturvedi knowingly and fraudulently, in or in connection with his bankruptcy case, made a false oath at the March 12, 2008 hearing by testifying that the owner of the software being marketed by TCNPL was TCNS.

131.   The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) and (a)(7).

132.   The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) and (a)(7).

<u>COUNT V</u>
(Violation of 11 U.S.C. § 727(a)(4)(D) and (a)(7))

133.   The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

134.   The Defendants have withheld from the Chapter 7 Trustee, who is entitled to possession under this title, recorded information, including books, documents, records, and papers, relating to the debtor's property and financial affairs.

135.   The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D) and (a)(7).

136.   The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D) and (a)(7).

<u>COUNT VI</u>
(Violation of 11 U.S.C. § 727(a)(5) and and (a)(7))

137.   The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

138.   The Defendants have failed to explain satisfactorily the loss of assets listed in their June 30, 2006 personal financial statement which included household artifacts, jewelry and a coin collection at a cost value of $117,000.00 or the deficiency of their non-exempt assets to meet their liabilities.

139.   The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5)(A) and (a)(7).

140.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. §
727(a)(5)(A) and (a)(7).

<u>COUNT VII</u>
(Refusal to Obey Lawful Order of the Court – 11 U.S.C. § 727(a)(6)(A) and (a)(7))

141.  The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs
of this Complaint as if fully set forth herein.

142.  Rahul Chaturvedi and Neena Chaturvedi refused to surrender the property to the Chapter 7
Trustee of the NuSpeech bankruptcy estate upon demand and then refused or failed to surrender
the property to the Chapter 7 Trustee of the NuSpeech Communications Corporation bankruptcy
estate in violation of the Court's Order.

143.  Rahul Chaturvedi refused to obey a lawful order of the Court, other than an order to
respond to a material question or testify.

144.  Neena Chaturvedi refused to obey a lawful order of the Court, other than an order to
respond to a material question or testify.

145.  The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. §
727(a)(6)(A) and (a)(7).

146.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. §
727(a)(6)(A) and (a)(7).

<u>COUNT VIII</u>
(Conversion of Property of a Related Bankruptcy Estate - Violation of 11 U.S.C. § 727(a)(7))

147.  The Plaintiff herein re-states and incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

148.    Rahul Chaturvedi and Neena Chaturvedi acquired property of the related NuSpeech Communications Corporation bankruptcy estate in the form of accounts receivables due from HCAAP-Care, P.C. and knowingly and fraudulently failed to report the acquisition of the property or to surrender the property to the Chapter 7 Trustee and then converted the property to their own personal use under a claim of offset for monies owed by NuSpeech Communications Corporation to HCAA.

149.  The Debtor Rahul Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(7).

150.  The Debtor Neena Chaturvedi's discharge should be denied pursuant to 11 U.S.C. § 727(a)(7).

WHEREFORE, Stephen E. Shamban, the Plaintiff and Chapter 7 Trustee respectfully request that this Honorable Court:

1.        Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(2)(A) as to Count I;

2.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(2)(B) as to Count II;

3.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(3) as to Count III;

4.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(4)(A) as to Count IV;

5.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(4)(D) as to Count V;

6.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(5) as to Count VI;

7.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(6) as to Count VII;

8.      Deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(7) as to Counts I, II, III, IV, V, VI, VII and VIII;

9.      Award costs and reasonable attorney's fees to the Plaintiff; and

10.     Grant such other relief as deemed just and proper.

Respectfully submitted,
STEPHEN E. SHAMBAN,
CHAPTER 7 TRUSTEE
By his Attorneys,

STEPHEN E. SHAMBAN LAW OFFICES, P.C.

DATED:  January 31, 2009          By:   _/s/Jenny L. Redden_____
                                        Jenny L. Redden, Esquire, BBO #645667
                                        P.O. BOX 850973
                                        222 FORBES ROAD, STE. 208
                                        BRAINTREE, MA  02185-0973
                                        (781) 849-1136
                                        jennylredden@yahoo.com