# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

Docket No: 09-01042              Related Bankruptcy Case WCH- 07-16483

In re

   Steven Shamban                    ANSWER TO COMPLAINT

   Chapter 7 Trustee

v

RAHUL CHATURVEDI, MD and
NEENA CHATURVEDI, MD

Defendants

## ANSWER TO COMPLAINT

Now come, the Debtors and submit their answers to the aforementioned complaint.

1.  Agreed that Atty Shamban purport to have an office at the stated address.

    Denied that Trustee Shamban is duly appointed Chapter 7 Trustee.

2.  Denied. Incorrect Address.

3.  Denied. Incorrect Address.

4.  Denied in part. To the extent this proceeding is an effort on part of a cartel operating in the color of law and driven by a misguided sense of retribution to irreversibly harm the defendants from rehabilitation and pursue lawful petitioning of substantial abuses at the hands of a cartel of whom Atty. Shamban is a proxy; the proceedings may be appropriate in a US District Action that is to be filed by the Debtors.

5. Denied.

6. Denied.

7. Denied. To the extent Dr. Neena Chaturvedi is referred in appropriately as Neena, agreed that she is licensed to practice Medicine in the Commonwealth of Massachusetts.

8. Denied.

9. Denied. To the extent Dr. Neena Chaturvedi is referred in appropriately as Neena, agreed that she was threatened to sign the Voluntary Agreement to Not Practice Medicine or risk losing her high risk pregnancy in the eigth month.

10. Denied. To the extent Dr. Rahul Chaturvedi is referred in appropriately as Rahul, agreed that his license was suspended by the Board of Registration in Medicine.

11. Denied. To this date, the Board of Medicine has not given the complete docket of the RM 07-960 to Dr. Chaturvedi and Dr. Chaturvedi cannot agree to or deny to hearsay being alleged by Attorney Shamban.

12. Denied. Dr. Chaturvedi is employed and performs his duties under various corporate entities. To the extent, Attorney Shamban is misconstruing statements made by Dr. Chaturvedi, specificity is required to properly answer this question.

13. Denied.

14. Denied.

15. Denied. Agreed that Dr. Chaturvedi incorporated businesses in Massachusetts and Delaware.

16. Denied.

17. Denied. Agreed that Dr. Rahul Chaturvedi incorporated and was and is off cer in corporate entities.

18. Denied. Agreed that annual reports for entities have been delayed in filing.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied. Agreed that certain tax filings of corporate entities are pending.

24. Denied. Agreed to the extent the allegations suggest that the Manager of 100 Independence Realty LLC filed for bankruptcy on Aug. 31 2007.

25. Denied.

26. Denied.

27. Denied.

28. Denied. Agreed that the bankruptcy was dismissed.

29. Denied. Agreed that the bankruptcy was dismissed.

30. Denied.

31. Denied.

32. Denied. Agreed that the Bankruptcy application was filed.

33. Denied.

34. Denied. Agreed that the Bankruptcy was converted.

35. Denied in part. Contingent security for portions of the debts exist

36. Denied that Attorney Shamban is duly appointed trustee.

37. Denied. Contingent security portions of the debts exist.

38. Denied. Agreed that hearings were held on March 12th 2008.

39. Denied.

40. Denied.

41. Denied.

42. Denied as to the misinterpretation of the testimony. Denied that the testimony false.

43. Denied. Agreed that Total Care Network Corporation and Total Care Network Systems were performing under their agreement with NuSpeech Communications Corporation.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied. Agreed that Ms. Purkarova was a sub lessee of the Defendants.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied. Agreed that Dr. Chaturvedi offered to additionally capitalize the entity with services to ensure operations and profitability.

57. Denied.

58. Denied.

59. Denied. Agreed that the Attorney for the Defendants corrected an error during a 341 meeting of the creditors.

60. Denied.

61. Denied. Agreed that NuSpeech had licensed the software per the OEM Agreement.

62. Denied. Agreed that NuSpeech had licensed the software per the OEM Agreement.

63. Denied. Agreed that NuSpeech had licensed the software per the OEM Agreement.

64. Denied. Agreed that NuSpeech had licensed the software per the OEM Agreement.

65. Denied.

66. Denied.

67. Denied. Agreed that Attorney Shambam, while under an order to be allowed to be sued by the Defendants as of Sep 5 2008, asked a covering attorney to handle the Rule 2004 examination.

68. Denied. Agreed that Plaintiff fails to identify which documents he is referring to.

69. Denied.

70. Denied

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Agreed.

77. Agreed.

78. Denied.

79. Agreed in part. Denied in part.

80. Denied.

81. Cannot confirm or deny.

82. Agreed.

83. Denied.

84. Denied.

85. Denied.

86. Cannot confirm or deny. Agreed that a letter was received.

87. Denied.

88. Cannot confirm or deny. Agreed that a letter was received.

89. Denied.

90. Agreed.

91. Cannot confirm or deny. Agreed that the Defendants addressed this issue with Atty. Shamban's office on multiple occasions without response.

92. Agreed.

93. Cannot confirm or deny.

94. Cannot confirm or deny.

95. Denied.

96. Denied.

97. Cannot answer.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Cannot answer.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Cannot answer.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Cannot answer.

134. Denied.

135. Denied.

136. Denied.

137. Cannot answer.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Cannot answer.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Cannot answer.

148. Denied.

149. Denied.

150. Denied.

## AFFIRMATIVE DEFENSES

1. Attorney Shamban has a history and reputation of being a permissive trustee.

2. Many adverse creditors in the instant bankruptcy influenced the actions of Attorney Shamban.

3. The instant law suit is in bad faith.

4. The instant law suit alleges complaints despite the US Trustee and Attorney Shamban knowing facts to the contrary.

5. The instant lawsuit is a retribution for the Debtors' successful lawful petitioning to bring a lawsuit for fraud and racketeering against Atty. Shamban for his actions, complicity and deal making to perpetrate fraud.

6. On Sep 5th, Hon. J. Hillman granted the Debtor's opposition and denied Attorney Shamban's petition to assert immunity to avoid prosecution by the Defendants.

7. After the Defendant considered a settlement to mitigate the hardship, on cue from the US Trustee, Attorney Shamban filed a bad faith lawsuit so that the Defendants would give up on lawfully petitioning for fraud and racketeering against Attorney Shamban and his accomplices.

8. Defendants have survived apparently insurmountable odds to now get to the stage of filing their lawsuit in US District Court. All well meaning efforts on part of the Defendant to clear the misunderstandings and factually resolve issues alleged in the instant lawsuit have been rebuffed and ignored.

9. Attorney Shamban has continued to further the interests of his cohort and accomplices to intentionally disadvantage the Defendants to prevent them from even getting to the stage of rehabilitating themselves.

10. The instant lawsuit is a further and desperate attempt to cause tortuous interference and harm to the Defendants, while knowing full well that there is no merit to their baseless allegations.

## COUNTERCLAIMS

1. The Defendants have asserted their right to bring a lawsuit against attorney Shamban in US District Court and hereby reserve the right to file counter claims in that lawsuit.

2. To the extent, Defendants are able to prevail in the US District Court and prove the fraud, complicity and brazen abuse of authority granted to attorney Shamban, it may allow, at that time to transfer some of the claims in this lawsuit and / or allow this lawsuit to be transferred and or merged with the US District Court action.

3. The defendants hereby respectfully reserve the right to add Parties in Counter Claim , based on the outcome and progress of the US District Court action.

Signed under penalties of perjury

APR 07'09 @ 10:54 USB

          **RAHUL CHATURVEDI**
and  **NEENA CHATURVEDI**
          Pro-se,

Dated: April 3, 2009

*Rahul Chaturvedi*
*Neena Chaturvedi*

PO Box V
Hyannis Ma
(508) 568 0070 – Tel
rahul@totalcarenetwork.com

**CERTIFICATE OF SERVICE**

APR 07 '09 AT 10:54 USB

I, Rahul Chaturvedi, do hereby certify that on April 3, 2009 I have served a copy to a ty. Jenny Redden for the Plaintiff by email and first class mail.

*Rahul Chaturvedi*